IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| VIRGIL HALL,<br><br>                    Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>                    Respondent. | MEMORANDUM DECISION AND ORDER DISMISSING WITHOUT PREJUDICE PETITIONER'S MOTION UNDER 28 U.S.C. § 2255<br><br><br>Case No. 4:20-CV-96 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Petitioner's Motion Under 28 U.S.C. § 2255. For the reasons discussed below, the Court will dismiss the Motion without prejudice for lack of jurisdiction.

## I. BACKGROUND

On December 15, 2010, Petitioner was charged in a one-count Indictment alleging possession with intent to distribute 500 grams or more of cocaine. Petitioner proceeded to trial, and on June 9, 2011, a jury found him guilty. Petitioner was sentenced on November 8, 2011, to 120 months in custody and 60 months of supervised release. Petitioner timely appealed, and his conviction was affirmed on January 25, 2013.

On May 12, 2014, Defendant filed a motion under 28 U.S.C. § 2255. The Court denied the § 2255 motion and the Tenth Circuit denied a certificate of appealability.[1]

---

[1] Petitioner has filed a number of other post-judgment motions that are not relevant here.

Petitioner's supervised release was transferred to the Eastern District of Missouri on November 13, 2018.  Petitioner's supervised release was revoked and he was sentenced to three months' imprisonment and 54 months of supervised release.

Petitioner filed the instant action in the Eastern District of Missouri on January 30, 2020, seeking relief under 28 U.S.C. § 2241.  Petitioner asserted that he was challenging the legality of his confinement because his Indictment and Judgment were "void" and had "no legal authority."[2]

The Eastern District of Missouri concluded that Petitioner's action should have been brought as a motion under § 2255, rather than § 2241.  The court ordered Petitioner to withdraw his petition or consent to its reclassification as a § 2255 motion.  In response, Petitioner filed a § 2255 motion. The Eastern District of Missouri then transferred that motion to this Court.

## II.  DISCUSSION

As stated, Petitioner has already brought a § 2255 motion.  "Before a federal prisoner may file a second or successive motion under § 2255, the prisoner must first obtain an order from the appropriate court of appeals authorizing the district court to consider the motion."[3]  "A district court does not have jurisdiction to address the merits of a second or successive § 2255 . . . claim until [the appropriate court of appeals] has granted the required authorization."[4]  However, before transferring a second or successive motion under § 2255 to the appropriate court of appeals for authorization, the Court must consider whether it is in the interest of justice to do so.[5]

---

[2] Docket No. 2-1, at 4.

[3] *In re Cline*, 531 F.3d 1249, 1250 (10th Cir. 2008).

[4] *Id.* at 1251.

[5] *See* 28 U.S.C. § 1631.

The Tenth Circuit has set out factors a court should consider in determining whether it is in the interest of justice to transfer a second or successive § 2255 motion. These factors include:

> whether the claims would be time barred if filed anew in the proper forum, whether the claims are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of the filing the court lacked the requisite jurisdiction.[6]

Considering these factors, the Court finds that it is not in the interest of justice to transfer the Petition. Petitioner's claim would be time-barred under 28 U.S.C. § 2255(f). Petitioner's claims are not likely to have merit. Finally, based on Petitioner's prior filing history, the Court finds that it was clear at the time of filing that this Court lacked the requisite jurisdiction. Therefore, the Court finds that it is not in the interest of justice to transfer this action.

### III. CONCLUSION

It is therefore

ORDERED that the Motion is DISMISSED WITHOUT PREJUDICE for lack of jurisdiction. The Court DENIES Petitioner a certificate of appealability.

DATED this 10th day of September, 2020.

BY THE COURT:

Ted Stewart
United States District Judge

---

[6] *In re Cline*, 531 F.3d at 1251.